IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MS. CHINA ANNE McCLAIN**
**and JOHNNIE GARRETT, # N-20411,**

    **Petitioners,**

  vs.              Case No. 13-cv-1103-DRH

**ATTORNEY GENERAL of the**
**STATE of ILLINOIS,**
**and PEOPLE of the STATE of ILLINOIS,**

    **Respondents.**

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

### I. INTRODUCTION AND BACKGROUND

Petitioner Johnnie Garrett is currently incarcerated in the Pinckneyville Correctional Center. This habeas corpus action invoking 28 U.S.C. § 2241 was filed by petitioner Garrett on October 24, 2013. Shortly before filing this case, Garrett filed two other actions in this Court: a habeas corpus action under 28 U.S.C. § 2254 (*Garrett v. Warden, et al.*, Case No. 13-cv-1082-DRH), which was dismissed upon preliminary review on November 12, 2013; and a civil rights action pursuant to 28 U.S.C. § 1983 (*McClain & Garrett v. Attorney General, et al.*, Case No. 13-cv-1087-MJR). The latter case is also undergoing a preliminary merits review by the Court.

Although Ms. China Anne McClain is listed as a co-petitioner in the pleadings, there is no indication that she is incarcerated. Nor has she signed any

of the documents submitted by petitioner Garrett.  Therefore, the Court shall construe this action as having been brought by petitioner Garrett alone, and the designation of "petitioner" in this Order shall refer only to Mr. Garrett, unless specified otherwise.  Furthermore, because Ms. McClain herself has not taken any affirmative steps to participate in this lawsuit, and because petitioner Garrett may have added her name to the petition without her consent, Ms. McClain shall not be assessed a separate filing fee for this action.

The instant habeas petition states that petitioner is a state prisoner, serving a sentence after having been convicted in 2007 of a crime in the Circuit Court of Cook County, Illinois (Doc. 1, p. 1).  Petitioner used only the first page of this Court's form petition for a writ of habeas corpus under 28 U.S.C. § 2241.  The subsequent eight pages of his petition consist of handwritten rambling statements and lists of legal phrases.  Page 2 appears to list in part some of petitioner's prior arrests and/or criminal charges, some dating back to 1981.  Pages 3-5 set forth a partial list of 108 complaints or lawsuits petitioner may have filed in other courts.[1]  On page 6, he states, "Barack Obama, can answer . . . these 108 complaints, answer one-by-one separate for $500.00 each complaints [sic] . . . you have 6-month to answer the complaints and deny any one or all . . . or Default Judgment will be enter[ed] against you for $500.00 each complaint[.]"   Page 8 is addressed to the Clerk of Court, and states, "I am sending you half of my complaints, because the other half will go to another court . . . ."

---

[1] Petitioner has submitted this virtually identical list of 108 complaints in both of his other cases filed in this Court.

The petition does not contain any discernible prayer for relief other than the above references to money judgments.

## II. DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

First, the petition does not present any facts or circumstances to suggest that petitioner might be entitled to relief under § 2241. Petitioner is not in custody as a result of the order of a federal court or for a violation of federal law. *See* 28 U.S.C. § 2241(c)(1), (2). Nor is he a state pre-trial detainee seeking relief on the basis that he is being held in violation of the Constitution or federal law. *See Neville v. Cavanagh*, 611 F.2d 673, 674 (7th Cir. 1979) ("federal courts in certain instances have jurisdiction under 28 U.S.C. § 2241(c)(3)" to grant writ to pre-trial detainee in state custody; citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)). Petitioner does not suggest that his current custody, which is pursuant to a state court judgment, violates the Constitution or

federal law in any way.  For these reasons, § 2241 is not an appropriate vehicle for petitioner to seek relief.

Turning to 28 U.S.C. § 2254, which authorizes habeas corpus relief for a prisoner (such as petitioner) who is held pursuant to the judgment of a state court, the instant petition fails to suggest that petitioner is entitled to release from custody under that statute.  The undersigned Judge recently considered and dismissed petitioner's habeas action that he filed pursuant to 28 U.S.C. § 2254 (*Garrett v. Warden, et al.*, Case No. 13-cv-1082-DRH).  The Court concluded that Case No. 13-cv-1082-DRH appeared to be an unauthorized successive habeas action.  The same would be true if the instant petition were to be construed as having been brought under § 2254.  This Court also observed that petitioner's § 2254 action in Case No. 13-cv-1082-DRH was duplicative of an earlier § 2254 habeas action petitioner filed in the Northern District of Illinois.  The Northern District case, *Garrett v. Gaetz*, Case No. 11-cv-7301 (N.D. Ill., filed Oct. 14, 2011), is still under consideration in that court.

For the above reasons, the instant petition fails to state any grounds for relief, and shall be dismissed with prejudice.

### III.  FILING FEE

Petitioner did not pay the $5.00 filing fee for this case when he submitted the petition, nor did he file a motion for leave to proceed in forma pauperis ("IFP").  The Clerk of Court directed petitioner to either pay the fee or submit his IFP motion within 30 days (by November 18, 2013).  To date, petitioner has not

filed a complete IFP motion, but he did submit records from his prison trust fund account (Doc. 3), as well as two letters and accompanying documents in response to the Clerk's letter regarding the filing fee (Docs. 4 and 5). Because petitioner indicates in both letters that he cannot afford to pay the $5.00 filing fee, the Court shall construe these documents as a motion for leave to proceed IFP in this matter. However, based on petitioner's trust fund account transactions, his IFP request shall be denied, as explained below.

As noted above, petitioner McClain shall not be assessed a filing fee for this case.

Pursuant to 28 U.S.C. § 1915, a federal court may permit an indigent prisoner to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets, as well as "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Upon tender of a proper affidavit and certified copy of a trust fund account statement, a prisoner is assessed an initial partial filing fee of twenty percent of the greater of: (1) the average monthly deposits to the prisoner's trust fund account; or (2) the average monthly balance in the

prisoner's trust fund account for the six-month period immediately preceding the filing of the suit. *See* 28 U.S.C. § 1915(b)(1)(A)-(B). After payment of the initial partial filing fee, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner must forward payments from the prisoner's trust fund account to the clerk of the district court where the prisoner's case is pending each time the amount in the account exceeds $10.00 until the filing fee in the case is paid. *See id*.

Importantly, in the Seventh Circuit an action brought pursuant to 28 U.S.C. § 2241 is not subject to the requirements of 28 U.S.C. § 1915(a)(2) and (b), because a petitioner's application for a writ of habeas corpus is deemed to be a continuation of the criminal proceedings against the petitioner, not a civil action. *See Walker v. O'Brien*, 216 F.3d 626, 633-34 (7th Cir. 2000) (citing *Newlin v. Helman*, 123 F.3d 429 (7th Cir. 1997)); *Martin v. United States*, 96 F.3d 853, 855-56 (7th Cir. 1996). Nevertheless, sister federal trial courts in this Circuit have recognized that it is appropriate to employ the mechanism set out in § 1915(a)(2) and (b) in cases involving § 2241 petitions, as doing so is easy and consistent with the purpose of § 1915, specifically, giving indigent prisoners access to courts by enabling them to pay their filing fees in small installments. *See, e.g.*, *Jones v. Francis*, Nos. 08-cv-517-bbc, 08-cv-520-bbc, 2008 WL 4331000, at *1 (W.D. Wis. Sept. 18, 2008); *Longbehn v. Reno*, 27 F. Supp. 2d 1162, 1164-66 (W.D. Wis. 1998). Accordingly, the Court will use the mechanism

set out in § 1915(a)(2) and (b) to determine if petitioner can proceed IFP in this case.

For purposes of calculating the average monthly balance in a prisoner's trust fund account for the six-month period preceding the filing of a lawsuit, 28 U.S.C. § 1915 does not specify whether a court should use opening monthly balances, daily balances, or closing monthly balances, and therefore the Court has elected more or less arbitrarily to use opening monthly balances, meaning the amount in Petitioner's trust fund account on the first day of each of the six months preceding the filing of this lawsuit. *See Pinkin v. Ayzenberg*, No. 98 C 5637, 1999 WL 410035, at *1 n.1 (N.D. Ill. May 27, 1999) (noting that, because § 1915 is ambiguous as to whether opening monthly balances, daily balances, or closing monthly balances should be used to calculate a prisoner's initial partial filing fee, a court is free to use any one of the three or to rely solely upon average monthly deposits to a prisoner's trust fund account in calculating the fee). Relying upon the information contained in petitioner's certified copy of his trust fund account statement, the Court finds that twenty percent of the average monthly balance in petitioner's trust fund account for the five-month period immediately preceding the filing of this suit is $8.98. Accordingly, were this case subject to § 1915(a)(2) and (b), petitioner's initial partial filing fee would be $8.98, a sum greater than the $5.00 filing fee in this case. Accordingly, the Court will require petitioner to pay the $5.00 filing fee. A prisoner incurs the obligation to pay the filing fee for a lawsuit when the suit is filed, and the obligation continues

regardless of later developments in the suit, such as dismissal of the suit or denial of leave to proceed IFP. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998).

As it appears that petitioner is able to pay the $5.00 filing fee in this case, his motion for leave to proceed IFP (Docs. 4 & 5) is **DENIED**. Petitioner is **ORDERED** to pay the $5.00 filing fee in this case not later than thirty (30) days from the date of entry of this Order. Payment of the $5.00 filing fee shall be sent to: United States District Court, Clerk's Office, 750 Missouri Avenue, P.O. Box 249, East St. Louis, Illinois, 62201. At the time payment is made, petitioner's name and the case number assigned to this action shall be clearly identified.

The Court cautions petitioner that if the $5.00 filing fee in this case is not paid, the Court may impose restrictions on further filings by petitioner in this Court until such time as the fee is paid. *See, e.g.*, *Taylor v. Watkins*, Civil No. 10-4-GPM, 2010 WL 3303125, at *1 (S.D. Ill. June 25, 2010) (quoting *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999)) (noting that "[u]npaid docket fees . . . lead straight to an order forbidding further litigation.").

## IV. DISPOSITION

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** with prejudice, as to both petitioner Garrett and co-petitioner McClain.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $455.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

## V. **CERTIFICATE OF APPEALABILITY**

If petitioner were a federal prisoner, it would not be necessary for him to obtain a certificate of appealability in order to appeal the dismissal of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). Conversely, if petitioner were challenging his pre-trial detention in state custody under § 2241, a certificate of appealability would be required. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1); *Evans v. Circuit Court of Cook Co.*, 569 F.3d 665 (7th Cir. 2009) (certificate of appealability is required for state prisoner in pre-trial custody whose detention arose from a state court order). However, neither of these

scenarios applies to petitioner.  Finally, if the instant matter were a habeas petition brought under § 2254 to challenge the constitutionality of petitioner's state conviction, a certificate of appealability would also be required.  Because this seems to be the substance of petitioner's challenge herein, despite the fact that he invoked § 2241, the Court concludes that in order to pursue an appeal, petitioner must first secure a certificate of appealability, either from this Court or from the court of appeals.  *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).

Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part.  *Id.* at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  If the district court denies the request, a petitioner may request that a circuit judge issue the certificate.  FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that petitioner has not stated any grounds for relief pursuant to 28 U.S.C. § 2241 (or § 2254).  Furthermore, the Court finds no basis for a determination that its decision is

debatable or incorrect. Thus, petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

**IT IS SO ORDERED.**

Signed this 20th day of November, 2013.

David R. Herndon
2013.11.20
06:04:07 -06'00'

**Chief Judge**
**United States District Court**